# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BENTON BENALCAZAR, et al., | : |
| | : Case No. 2:18-cv-01805 |
| Plaintiffs, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Deavers |
| GENOA TOWNSHIP, OHIO, | : |
| | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Movants GTRRD, Inc. and Luke and Janine Schroeder's Motions to Intervene. Docs. 22 & 24. All three Movants assert an identical legal interest for intervening in this action and will thus be treated as a single intervenor for purposes of this Opinion and Order. For the reasons set forth below, the Court **GRANTS** Movants' Motions [#22, #24].

## II. BACKGROUND

### A. Underlying Lawsuit

Plaintiffs Benton and Katherine Benalcazar own property located in Genoa Township, Ohio. On April 9, 2018, the Genoa Township Board of Trustees approved Plaintiffs' application to re-zone their property from a Rural Residential property to a Planned Residential Development. Doc. 1 at 12. The Board also approved Plaintiffs' preliminary development plan. *Id.* After the Trustees approved Plaintiffs' application, members of the public circulated a petition, seeking a referendum to restore Plaintiffs' property to its original zoning designation. *Id.* at 14. That

1

referendum made its way onto the November 2018 ballot and passed by a majority vote. *Id.* at 14-15. Consequently, Plaintiffs' property was returned to its Rural Residential designation. *Id.*

Following the November 2018 vote, Plaintiffs filed this action against Defendant Genoa Township, Ohio, asserting two causes of action: (1) Deprivation of Property and Liberty Interests Without Due Process of Law, in violation of 42 U.S.C. § 1983; and (2) Unequal Protection of the Law, in violation of 42 U.S.C. § 1983. *Id.* at 15-17. Plaintiffs also sought a Declaratory Judgment that subjecting their property to a Rural Residential zoning designation was unconstitutional. *Id.* at 17-18. On June 7, 2019, the parties participated in a lengthy mediation, with settlement discussions continuing for several months thereafter. Doc. 38 at 2. Finally, on January 17, 2020, the parties filed a Proposed Consent Decree pursuant to Ohio Revised Code § 505.07,[1] which, pending Court approval, would re-zone Plaintiffs' property to a Planned Residential Development. Doc. 38-7.

### B. Motion to Intervene

Movant GTRRD, Inc. is an association of residents in Genoa Township, Ohio that neighbor Plaintiffs' property. Movants Luke and Janine Schroeder are members of GTRRD, Inc. and own property that abuts Plaintiffs' property.[2] In 2003, Genoa Township adopted a Zoning Resolution, whereby any owner desiring to have their property designated as a Planned Residential District was required to apply for a zoning map amendment per Ohio Revised Code § 519.12.

---

[1] **O.R.C. § 505.07 Settlement of Court Action – Zoning Issue Subject to Referendum.** "Notwithstanding any contrary provision in another section of the Revised Code, section 519.12 of the Revised Code, or any vote of the electors on a petition for zoning referendum, a township may settle any court action by a consent decree or court-approved settlement agreement which may include an agreement to rezone any property involved in the action as provided in the decree or court-approved settlement without following the procedures in section 519.12[.]"

[2] Hereinafter, except where specified, all three Movants will be referred to collectively as the "Movants."

Doc. 22 at 4. Any application for amendment was then subject to the right of neighboring residents to file a referendum, reserving for themselves the final decision to vote on the rezoning application, such as what happened during the November 2018 election. *Id.* Movants seek to intervene in this action, claiming the parties' Proposed Consent Decree violates the Genoa Township Zoning Resolution, as it arbitrarily overturns their vote and takes away their right to decide whether to amend the zoning map. Doc. 22 at 5.

### III. ANALYSIS

#### A. Whether Movants may Intervene as a Matter of Right

Movants seek to intervene in this action as a matter of right under Federal Rule of Civil Procedure 24(a). Movants maintain that they have a legal interest in ensuring that the development of property in Genoa Township is consistent with the Township's Zoning Resolution. Movants also assert an interest in preserving their right under the Resolution to decide -- via vote -- whether to amend the Township's zoning map.

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). More plainly, the Sixth Circuit has identified four factors a movant must satisfy before intervention as of right will be granted:

> (1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court.

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). A "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

**1. Whether Movants' Motion is Timely**

The determination of whether a motion to intervene is timely must "be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). Five factors guide the Court's analysis:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original arties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* The Court will analyze each of these five factors, in turn, below.

i. Stage of the Proceeding

The first timeliness factor requires the Court to look at the point to which the lawsuit has progressed. Importantly, "the time between the filing of the complaint and the motion to intervene, in itself, is among the least important circumstances. What is more critical is the progress made in discovery and the motion practice during the course of the litigation." *Midwest Realty Mgmt. Co. v. City of Beavercreek*, 93 F. App'x 782, 786 (6th Cir. 2004) (internal citation omitted).

Here, although roughly a year has elapsed between the filing of the underlying Complaint and the Motions to Intervene, the parties have engaged in very limited motion practice during this time. In fact, the only Motion filed was a Joint Motion for Protective Order. *See* Doc. 11. Moreover, while the parties assert that they have engaged in extensive written discovery --

exchanging over 25,000 documents -- this case was stayed nearly three months before the discovery deadline passed, so the parties could finalize settlement discussions. *See* Doc. 16. It thus appears that the energy devoted towards discovery was minimal. Accordingly, this first factor will weigh in favor of timeliness. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) (finding intervention four years after complaint was filed timely where "there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question").

    ii.    Purpose of Intervention

The second timeliness factor is the purpose for which intervention is sought. Here, Movants seek to intervene in this case to file a motion to dismiss Plaintiffs' Complaint, arguing no actual controversy exists, such that it would permit the parties to use Ohio Revised Code § 505.07 to circumvent Movants' right to decide whether to amend the Genoa Township zoning map. While O.R.C. § 505.07 gives the parties a statutory right to resolve -- via consent decree -- court actions involving zoning disputes, this does not strip Movants of the ability to challenge whether an actual case or controversy exists between the parties. As such, the Court finds the proffered reason for seeking intervention legitimate and, therefore, this second factor weighs in favor of timeliness.

    iii.    Time Preceding Application to Intervene

The third factor concerns "the length of time preceding the [Movants'] motion to intervene, during which they knew, or should have known, of their interest in the case." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 477 (6th Cir. 2000). The Sixth Circuit has instructed that "[t]he mere pendency of settlement negotiations" is not sufficient to put prospective intervenors on notice that

their interests might be impaired. *Midwest Realty Mgmt. Co.*, 93 F. App'x at 788. Rather, "[o]nly notice of objectionable terms in a proposed settlement will ordinarily suffice." *Id.*

Here, Movants filed their Motions to intervene on December 12, 2019 and December 27, 2019 respectively. *See* Doc. 22 & 24. Undoubtedly, they were aware prior to December 2019 that this litigation could affect their legal interests. Indeed, according to Defendant, its counsel received a call on March 12, 2019 from Jim Carter -- an incorporator of Movant GTRRD, Inc. -- requesting a meeting to discuss the case and to encourage Defendant not to settle with Plaintiffs. *See* Doc. 27 at 6. Nevertheless, the record suggests that Movants did not have actual notice of the terms of the settlement agreement until November 23, 2019, the date on which the parties' Proposed Consent Decree was first published to the public. *See* Doc. 26 at 5. Given that Movants acted within weeks of receiving this notice, the Court finds that the Motions to Intervene were filed without undue delay. *See Midwest Realty Mgmt. Co.*, 93 F. App'x at 788 ("[E]ven if publication of the proposed terms of settlement at the meeting was deemed to put the proposed intervenors on notice of the need to intervene, the passing of four months before they filed their motion, during which apparently no progress was made in the litigation, does not constitute the sort of undue delay or reflect the sort of unexcused dilatoriness that would disqualify them from intervention[.]"). As such, this third factor weighs in favor of timeliness.

    iv.    <u>Prejudice to Original Parties</u>

The fourth timeliness factor looks to the prejudice caused by Movants' failure promptly to intervene after they knew or reasonably should have known of their interest in the case. The appropriate focus is "the prejudice caused by the *untimeliness*, not the intervention itself." *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013).

Here, the Court finds that the parties would not be prejudiced by Movants intervening at this stage of the proceedings. Though the parties have reached a settlement, the Court has yet to approve of the Proposed Consent Decree or enter Judgment. Moreover, Movants do not seek to rewrite the provisions of the Consent Decree, which would necessarily require the parties to restart their settlement negotiations. Instead, Movants seek to dispose of all claims in Plaintiffs' Complaint by way of a motion to dismiss. Because permitting Movants to intervene in this action for a limited purpose would not overtly prejudice the parties, this factor will weigh in favor of timeliness. *Cf. United States v. BASF-Inmont Corp.*, 1995 WL 234648, at *4 (6th Cir. Apr. 18, 19995) ("Where intervention would require renewal of negotiations and a delay in implementing CERCLA remediation, the intervention would prejudice the parties' interests.").

  v. <u>Unusual Circumstances</u>

The final factor concerns whether there are any unusual circumstances that weigh in favor of or against granting a motion to intervene. Plaintiffs argue that two unusual circumstances militate against intervention: (1) Movant GTRRD, Inc. is an entity created specifically for the purpose of intervention; and (2) members of the public already had the opportunity to voice their concerns about the Proposed Consent Decree during a public hearing held on December 16, 2019.

With respect to the first argument raised, Plaintiffs provide no case law to support the notion that an entity should be precluded from intervening in an action merely because it was created for that specific purpose. Similarly, Plaintiffs' second argument carries little weight. Even if Movants had the opportunity to voice their concerns about the Proposed Consent Decree at the December 2019 public hearing, this was not a forum in which Movants could seek to dismiss

7

Plaintiffs' lawsuit in its entirety. Accordingly, there are no unusual circumstances that factor into the Court's decision.

In short, four of the five factors discussed above weigh in favor of a finding of timeliness. On balance, the Court finds that Movants' Motions to Intervene were timely filed.

**2. Whether Movants have a Substantial Legal Interest in this Case**

To intervene as a matter of right, Movants must show that they have a substantial legal interest in the subject matter of this litigation. In the Sixth Circuit, "we subscribe to a rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (internal quotations and citation omitted). It follows that "[t]he inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id.*

Here, Movants assert that they have a substantial legal interest in ensuring that the development of property in Genoa Township is consistent with both the Township's Zoning Resolution and Ohio law, and that their right to decide whether to amend the Township's zoning map is preserved. The Sixth Circuit has already recognized such as a legitimate legal interest. *See Midwest Realty Mgmt. Co.*, 93 F. App'x at 788 ("Where the City's first re-zoning of this property to allow residential development was overturned by referendum, the City's second attempt to accomplish the same re-zoning, arguably in derogation of both local and state law, through settlement of litigation under the imprimatur of federal court order, certainly poses conflicts of legitimate interests that bear further scrutiny.").[3]

---

[3] The parties note that *Midwest Realty Management Company* was decided prior to the passage of O.R.C. § 505.07, which expressly permits litigants to resolve -- via consent decree -- court actions involving zoning disputes. As such, they argue that *Midwest Realty Management Company* is distinguishable from this case because the Proposed Consent Decree here does not violate state or

8

Notwithstanding the above, the parties raise several arguments for why they believe Movants have no cognizable legal interest in this case. First, the parties argue that there is no evidence establishing that Movant GTRRD, Inc. is what it purports to be: an organization of residents of Genoa Township, Ohio. For example, the parties assert that Movant GTRRD, Inc, has not identified any of its members. As such, the parties maintain that Movant GTRRD, Inc. is nothing more than a public interest group representing the "generic interest" of Township residents in the enforcement of the Township's Zoning Resolution.

Contrary to the parties' position, Movant GTRRD, Inc. has put forth evidence establishing itself as an organization of residents of Genoa Township, Ohio. James Carter -- one of GTRRD, Inc.'s incorporators -- submitted an affidavit identifying each of the founding and managing members of the organization. *See* Doc. 35-1 at 2. Amongst these members are five individuals who own property abutting Plaintiffs' property and one individual who owns property within five-hundred feet of Plaintiffs' property. *See id.* Further, Mr. Carter's affidavit attests that Movant GTRRD, Inc. was formed specifically to protect the rights of Plaintiffs' neighbors who voted against the rezoning of Plaintiffs' property, but who had that vote nullified by the Proposed Consent Decree. *See id.* The parties' first argument is, therefore, without merit.

Second, the parties argue that Movants' interest in the negotiated settlement is too generalized to support a claim for intervention as a matter of right. Citing to the Sixth Circuit's opinion in *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 317 (6th Cir.

---

local law. Movants' position, however, is that no actual case or controversy exists between Plaintiffs and Defendant and, therefore, § 505.07 cannot be invoked. Stated differently, Movants argue that the Proposed Consent Decree violates state and local law. For this reason, the Court finds *Midwest Realty Management Company* instructive.

9

2005), the parties contend that Movants' "advocacy in getting the zoning ordinance on the November . . . ballot does not suffice to make it a real party in interest in the transaction which is the subject of the proceeding" -- the Proposed Consent Decree between Plaintiffs and Defendant. The parties' reliance on *Providence Baptist Church*, however, is misplaced.

Unlike in *Providence Baptist Church*, Movants are not merely a committee that was created to circulate zoning referendum petitions for the November 2018 election. *See id.* at 317 ("We will assume for this issue that Hillandale Committee is what it claims to be: the duly authorized committee which circulated the referendum petitions.") (internal quotations omitted). Rather, as discussed above, Movants were formed specifically to protect the rights of Plaintiffs' neighbors who voted against the rezoning of Plaintiffs' property, but who had that vote nullified by the Proposed Consent Decree. Hence, Movants' interest in this case did not become moot when their referendum found its way onto the November 2018 ballot. *See id.* ("The referendum petition took no position on the merits of the referendum; rather, it simply asked that the ordinance rezoning Providence's land be submitted to the electors for their approval or rejection. As such, Hillandale Committee had no interest in the outcome of the election or in any negotiations between Euclid and Providence after the election was held."). For this reason, *Providence Baptist Church* is distinguishable, and the parties' second argument falls flat.

Finally, the parties argue that Movants -- as neighboring property owners -- do not have a substantial legal interest in the enforcement of zoning laws. But the cases that the parties cite in support stand only for the proposition that a proposed intervenor must present more than an economic interest involving their own property or a general interest in the enforcement of zoning laws to establish a substantial legal interest. *See, e.g., Nextel W. Corp. v. Twp. of Scio*, 2007 WL 2331871, at *2 (E.D. Mich. Aug. 13, 2007) ("Applicants allege they are local property owners who

10

have a legally protectable interest in this litigation because the construction of the tower will lower their property values, destroy wooded areas, and adversely affect the environment in the surrounding area. These allegations are economic interests involving their own properties in the Township and do not rise to a legally protectable interest to justify intervention."); *North Shore-Chicago Rehab. Inc. v. Vill. of Skokie*, 1993 WL 356928, at *3 (N.D. Ill. Sept. 13, 1993) ("Certainly, the residents' general interest in the enforcement of the [zoning] laws is insufficient for intervention as of right."). Here, however, Movants are seeking to intervene to preserve their right under Genoa Township's Zoning Resolution to decide whether to amend Genoa Township's zoning map. The Sixth Circuit recognized this as a substantial legal interest in *Midwest Realty Management Company*, and this Court will follow suit. *See* 93 F. App'x at 788 ("Where the City's first re-zoning of this property to allow residential development was overturned by referendum, the City's second attempt to accomplish the same re-zoning, arguably in derogation of both local and state law, through settlement of litigation under the imprimatur of federal court order, certainly poses conflicts of legitimate interests that bear further scrutiny.").

3. **Whether Movants can Protect their Substantial Legal Interest Absent Intervention**

To satisfy the third element of the intervention test, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Grutter*, 188 F.3d at 399. This burden is minimal. *Id.*

The Court has already found that Movants have a substantial legal interest in preserving their right under Genoa Township's Zoning Resolution to decide whether to amend Genoa Township's zoning map. To that end, Movants seek to file a motion to dismiss the claims in Plaintiffs' Complaint, arguing no actual controversy exists, such that it would permit the parties to

use Ohio Revised Code § 505.07 to circumvent Movants' rights under the Zoning Resolution. Because intervening in this action is the only avenue for Movants to file a motion to dismiss, this third factor weighs in favor of intervention.

### 4. Whether the Existing Parties Adequately Represent Movants' Legal Interest

Finally, Movants must show that the existing Defendant -- Genooa Township, Ohio -- may not adequately represent their interests. Importantly, Movants are "not required to show that the representation will in fact be inadequate." *Id.* at 400. Rather, "[i]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*

Here, the parties maintain that Defendant adequately represents Movants' interests because the arguments raised in Movants' proposed motion to dismiss are the same defenses raised in Defendant's answer. *See* Doc. 8 at 13 ("**Second Defense:** Plaintiffs' Complaint fails to state a claim upon which relief may be granted."). But even accepting this as true, Defendant did not follow through by filing a motion to dismiss Plaintiffs' Complaint. Instead, Defendant entered into a settlement with Plaintiffs. Movants have thus shown that Defendant will not advance all of their arguments and, therefore, will not adequately represent their interests in this action. Accordingly, the Court will permit Movants to intervene in this action as a matter of right.

### B. Whether Permissive Intervention is Appropriate

Even if intervention as a matter of right were not appropriate in this case, the Court would permit Movants to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b). *See* Fed. R. Civ. P. 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.").

"Rule 24(b) grants the district court discretionary power to permit intervention if the motion is timely, and if the applicant's claim or defense and the main action have a common question of law or fact in common." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). The Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 951.

Here, the Court has already found that Movants' motion was timely filed and that intervention would not unduly prejudice the rights of the original parties. Given that Movants' claim/defense surrounds protecting their rights under the Township's Zoning Resolution, and because the Resolution is directly at issue in this action, the Court would have permitted Movants to intervene pursuant Rule 24(b).

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Movants GTRRD, Inc. and Luke and Janine Schroeder's Motions to Intervene [#22, #24]. Movants will be permitted to intervene in this action for the limited purpose of challenging the sufficiency of Plaintiffs' Complaint.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 13, 2020**